**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STAVRO ADIL HAMAMA,

    Petitioner,

                                 Civil Action 2:13-CV-14096

v.                                HONORABLE MARIANNE O. BATTANI
                                UNITED STATES DISTRICT COURT

PEOPLE OF THE STATE
OF MICHIGAN,

      Respondent,

_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

    Stavro Adil Hamama, ("Petitioner"), presently residing at 5661 Livernois Road in Troy, Michigan, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his habeas application, petitioner challenges his conviction for surveilling an unclothed person, M.C.L.A. 750.539j. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED.**

## I. Background

    Petitioner was convicted of the above charge following a jury trial in the Oakland County Circuit Court and was sentenced to fifteen months to two years in prison. Petitioner's conviction was affirmed on appeal. People v. Hamama,

No. 304527, 2012 WL 2476422 (Mich.Ct.App. June 28, 2012); lv. Den. 493 Mich. 905, 823 N.W.2d 281 (2012).  The Michigan Department of Corrections Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, See Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was discharged from his sentence on April 1, 2013.

On September 25, 2013, petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the following grounds:

> I.  The trial court erred by prohibiting Mr. Hamama from telling the jury that he was more forgetful than the rest of us, because of traumatic brain injury some 6 years prior, thereby preventing him from defending himself.
>
> II.  Mr. Hamama must be re-sentenced within the guidelines, because the trial court's reasons for the maximum sentence it could judicially impose are neither "substantial and compelling" nor do these reasons justify the maximum extent of departure.

## II.  Discussion

The Court will dismiss petitioner's case, because the Court lacks jurisdiction over the habeas petition, due to the fact that the petitioner is no longer in custody for his conviction as he has now been discharged from his sentence. Although neither party raised the issue of whether the Court has jurisdiction over petitioner's case due to the expiration of his sentence on the conviction being challenged, it is appropriate for this Court to consider the issue sua sponte, because subject matter jurisdiction goes to the power of the courts to render

2

decisions under Article III of the Constitution. See Williams v. Stegall, 945 F.

Supp. 145, 146 (E.D. Mich. 1996).

The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner

be "in custody" under the conviction or sentence under attack at the time that a

habeas petition is filed in the federal court. See Maleng v. Cook, 490 U.S. 488,

490-91 (1989).  A habeas petitioner is no longer "in custody," for purposes of a

conviction imposed, after the sentence on that conviction has fully expired. Id. at

492-93; See also Clemons v. Mendez, 121 F. Supp. 2d 1101, 1102 (E.D. Mich.

2000).  The "in custody" requirement is jurisdictional. See Foster v. Booher, 296

F. 3d 947, 949 (10th Cir. 2002).  Because petitioner's sentence has expired on

this conviction, he is no longer in custody on this conviction, thus, this Court lacks

subject matter jurisdiction over his habeas petition with respect to this conviction.

See Steverson v. Summers, 258 F. 3d 520, 523 (6th Cir. 2001).

Additionally, once a habeas petitioner's sentence for a conviction has

completely expired, the collateral consequences of that conviction are insufficient

to render a habeas petitioner "in custody." Clemons v. Mendez, 121 F. Supp. 2d

at 1102-03.  The collateral consequences of a conviction, such as the inability to

vote, engage in certain businesses, hold public office, or serve on a jury are

insufficient to satisfy the "in custody" requirement under the habeas statute. See

Leslie v. Randle, 296 F. 3d 518, 522 (6th Cir. 2002).  Likewise, any registration

requirements of Michigan's sex offender statute are "more properly characterized

3

as a collateral consequence of conviction rather than as a restraint on liberty." Id.
(quoting Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir.1998)).  Because
the petitioner is no longer in custody for the offense of surveilling an unclothed
person, he cannot maintain a habeas challenge against this conviction.

### III.  Conclusion

The Court will summarily deny the petition for writ of habeas corpus.  The
Court will also deny a certificate of appealability to petitioner.  In order to obtain a
certificate of appealability, a prisoner must make a substantial showing of the
denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  A certificate of
appealability may be issued "only if the applicant has made a substantial showing
of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The district court
must issue or deny a certificate of appealability when it enters a final order
adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C.
foll. § 2254.

When a district court denies a habeas petition on procedural grounds
without reaching the prisoner's underlying constitutional claims, a certificate of
appealability should issue, and an appeal of the district court's order may be
taken, if the petitioner shows that jurists of reason would find it debatable whether
the petitioner states a valid claim of the denial of a constitutional right, and that
jurists of reason would find it debatable whether the district court was correct in
its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000).  When a plain

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id.

The Court will deny the petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that the petitioner failed to meet the "in custody" requirement for maintaining a habeas action with respect to his conviction. See e.g. Finkelstein v. Spitzer, 155 F. 3d 131, 133 (2nd Cir. 2006). The Court will also deny petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. Myers v. Straub, 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal in forma pauperis is **DENIED**.

s/Marianne O. Battani
**HON. MARIANNE O. BATTANI**
**Dated: October 23, 2013**     UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served the Petitioner via ordinary U.S. Mail, and Counsel for the Respondent, electronically.

s/Bernadette M. Thebolt
Case Manager